IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Clarence Julius Puckett, III, ) | |
| ) | C/A No. 8:18-1158-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, Chester County Detention Center, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Clarence Julius Puckett, III. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.[1] Magistrate Judge Jacquelyn D. Austin filed a Report and Recommendation ("Report") recommending Respondent's Summary Judgment Motion (ECF No. 11) be granted. (ECF No. 19). The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. (ECF No. 19-1). Petitioner has timely filed objections to the Report. (ECF No. 21).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life &*

---

[1]A magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

*Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Background/Procedural History

In January 2009, Petitioner was indicted for trafficking cocaine and, in 2010, he was also indicted for possession with intent to distribute crack cocaine. (ECF No. 10-1 at 446-47). On August 21, 2009, narcotics investigator Lieutenant John Sherfield was performing surveillance of Petitioner's home in Union County while another officer obtained a search warrant. (ECF No. 10-1 at 75, 109, 150). Lt. Sherfield saw co-defendant Travis Anderson arrive at Petitioner's house, park his car, and enter the residence. (ECF No. 10-1 at 75). Lt. Sherfield noted that Anderson was not carrying anything when he entered Petitioner's home. *Id.* Based on information from a confidential informant, Officer Johnson obtained a search warrant for Petitioner's home. (ECF No. 10-1 at 150). Officers executed the search warrant and forcibly entered the home, where they found Anderson standing beside a couch and Petitioner locked in a bathroom. (ECF Nos. 10-1 at 77-78; 117). After the officers heard flushing noises, Lt. Sherfield attempted to gain entry to the bathroom by knocking a hole in an adjacent wall. *Id.* Officer Johnson was able to open the bathroom door at about the same time as Lt. Sherfield knocked a hole in the bathroom wall. (ECF No. 10-1 at 78). Both officers saw Petitioner leaning over the toilet. (ECF No. 10-1 at 82). Petitioner immediately surrendered to the officers. *Id.* at 79.

Officers recovered almost two ounces of powder cocaine in a plastic bag from the rim of the toilet, and approximately fourteen grams of marijuana from the bathroom trash can. *Id.* Petitioner and Anderson were arrested and read their Miranda rights. *Id.* at 80-81. Petitioner commented to the officers that the drugs in the house were his, and that Anderson had nothing to do with them. *Id.* at 80. Petitioner admitted that he had flushed some of the cocaine down the toilet. *Id.* Petitioner also told the officers where a set of scales could be found. *Id.* at 82. The scales had a white powdery substance on them, which the officers believed to be cocaine. *Id.* The

2

officers also found two small bags containing crack cocaine near the couch, and $1177 in cash in Petitioner's pocket. *Id.* at 83-84. Additionally, they searched Anderson's vehicle and found a second set of scales, forty Xanax pills, and more marijuana. *Id.* at 84-85.

During an interview the next day, Petitioner again admitted that the drugs found in his home were his. *Id.* at 86. He indicated that would consider possibly assisting police by conducting a controlled buy from his supplier. *Id.* He also provided the names of some other local dealers. No written or recorded statements were taken from this interview. *Id.*

Petitioner's first trial resulted in a hung jury, and the trial court declared a mistrial. (ECF No. 10-1 at 415). During the Petitioner's second trial, the following questioning occurred between Officer Johnson and trial counsel:

> Q.: . . . And I want to go to the point where you, before you get to the residence you received a call, say that it was information and you were going to use that information to go get a search warrant; is that right?
>
> A.: Yes. Lieutenant Sherfield gave me a call [and] advised me that one of our confidential informants -
>
> Q.: Trial Counsel: Right.
>
> A.: - that we had used had been to [Petitioner's] location -
>
> Q.: Right.
>
> A.: - and witnessed him sell -
>
> Trial Counsel: Your Honor.
>
> The Court: Just - Go on to your next question.

(ECF No. 10-1 at 160). Trial counsel, as directed, moved on to other questions. *Id.* Later that day, after several other witnesses had testified, trial counsel moved for a mistrial on the ground that Petitioner was prejudiced by the jury hearing the comments from Officer Johnson as to Petitioner selling something, presumably drugs. (ECF No. 10-1 at 210). The trial court noted that the

3

statement was hearsay and gratuitous, but denied the motion for a mistrial finding that there was no manifest necessity requiring a mistrial. *Id.* at 212. The trial court also stated it would not give a curative instruction because that would merely highlight the testimony. *Id.* After the State rested, trial counsel renewed his motion for a mistrial. (ECF No. 10-1 at 228). The trial court again denied the motion finding no manifest necessity and again stating that he would not give a curative instruction. *Id.* at 229.

Petitioner then testified. *Id.* at 246-310. He testified that co-defendant Anderson came to his house that day so that they could go to the drag racing strip to watch the races. *Id.* at 257-58. He testified that although he thought there was a possibility that Anderson might bring marijuana into his house, there were no drugs of any kind in his house before Anderson came over. *Id.* at 258. He said Anderson brought in marijuana and scales, and he handed the marijuana to Petitioner. *Id.* at 259. He testified that Anderson then walked outside to his car to put his cigarettes into the car, and then Anderson immediately returned to the house. *Id.* He stated that he was going to pay Anderson later for the marijuana. *Id.* Petitioner testified that he began rolling a joint at the bar while Anderson sat on the couch. *Id.* at 261. Petitioner then testified that Anderson had to go and get his cigarettes out of his car. *Id.* He testified that after Anderson returned and sat back down on the couch, they heard loud banging on the door. *Id.* at 262. Petitioner testified that he looked out the window and saw the police. *Id.* He testified that he had the blunt in his mouth and the remaining marijuana in a bag, which he put into his pocket. *Id.* at 263. He said Anderson had run past him towards the bathroom, and that he and Anderson bumped into each other as Anderson came back from the bathroom. *Id.* at 264-67, 284. Petitioner testified that, once he was in the bathroom, he closed the door and threw some of the marijuana into the toilet. *Id.* at 268-70. He testified that when he saw the officer knock a hole in the bathroom wall, he threw the remaining marijuana towards the toilet. *Id.* at 268, 270. Petitioner

4

acknowledged that he said the marijuana was his, but he denied stating that the cocaine was his. *Id.* at 273. He denied making any statements abut giving the officers any names of drug dealers. *Id.* at 275. On cross-examination, Petitioner admitted that at his first trial he had testified that Anderson had given him the bag of cocaine, told him to flush it, and threatened him to not say the cocaine was Anderson's. *Id.* at 277. Petitioner stated that he was nervous and had simply made a mistake in his prior testimony. *Id.* at 277-78.

Petitioner was convicted of trafficking cocaine and sentenced to ten years imprisonment. He filed a direct appeal raising the following grounds for relief:

> 1. The Trial Court erred in refusing to grant a mistrial where the police officer testified about a confidential informant witnessing Appellant selling drugs where such evidence constituted improper evidence of prior bad acts and where the Trial Court's only basis for denying Appellant's motion for a mistrial was because the Trial Court did not want the case to be tried for a third time.
>
> 2. The Trial Court erred in refusing to allow Appellant to introduce his prior consistent statement made in his first trial pursuant to Rule 801(d)(1)(B), SCRE where (1) Appellant testified at the trial and was subject to cross-examination; (2) the State accused Appellant of fabricating a new story at the second trial about whether Travis Anderson gave him the cocaine before Appellant entered the bathroom; (3) Appellant's statement at the first trial that he sought to have admitted was consistent with his testimony on direct at the second trial; and (4) the statement at his first trial that he sought to have admitted was made before the alleged recent fabrication.

(ECF No. 10-2 at 4). On October 1, 2014, the South Carolina Court of Appeals affirmed Petitioner's conviction in an unpublished decision, 2014-UP-347. (ECF No. 10-2 at 47-48). The remittitur was sent down on October 17, 2014. (ECF No. 10-3 at 1).

Petitioner then filed an application for post-conviction relief ("PCR") on March 23, 2015, asserting the following claims for relief, quoted verbatim:

> (a) Petitioner has been denied effective assistance of trial counsel. Such ineffectiveness caused irreparable harm to petitioner's case because the error allowed for petitioner to be convicted with tainted evidence from an illegal search and seizure, under the Fourth Amendment.

5

> Petitioner's counsel failed to make a proper objection to the introduction of illegally seized drugs at trial. Instead, counsel conceded to the introduction of the illegally seized drugs. Such a concession prejudiced petitioner. Absent the mistake of counsel, there exist a high probability that the outcome would have been different and the jury would have come back with a different verdict when the illegally seized drugs had not been admitted into evidence.
>
> (b) Petitioner was denied effective assistance of appellate assistance during his appeal process. Appellate counsel failed to properly perfect a appeal for appeal to a higher court. Petitioner's appeal was denied and petitioner expressed that he wished to appeal his case to the Supreme Court for certarori. Appellate counsel stated via a October 9, 2014, letter stating that he would not seek a rehearing nor certiorari at the South Carolina Supreme Court.
>
> Appellate counsel refused to file for relieve of counsel on petitioner's case. As a result, petitioner's attempts to file for a rehearing were rejected, due to the prohibition against 'hybrid representation.' After making appellate counsel aware of the court's refusal, appellate counsel still refused to file the necessary petition to allow petitioner to proceed pro se. The final result, was that petitioner was unable to file for appeal and thus, he was denied his right to a full and complete appeal of his convictions. . . .

(ECF No. 384). On January 20, 2016, a PCR hearing was held before the PCR court. Petitioner was represented by attorney Leah B. Moody. The PCR court summarized Petitioner's PCR grounds for relief as follows:

> 1. Ineffective Assistance of Counsel
>
>     a. Counsel failed to object to introduction of illegally seized drugs
>
>     b. Counsel failed to ask for mistrial at appropriate time
>
>     c. Counsel failed to ask for a change of venue
>
> 2. Ineffective Assistance of Appellate counsel
>
>     a. Appellate Counsel failed to file an appeal to the Supreme Court after the Court of Appeals affirmed conviction.

(ECF No. 101-1 at 435). On August 3, 2016, the PCR court denied Petitioner's application for PCR. (ECF No. 10-1 at 434-43). On April 10, 2017, Petitioner appealed the denial of PCR, raising one ground for review:

6

> Trial counsel erred in failing to preserve for appellate review an error which occurred at trial when a police officer gave inadmissible prior bad act testimony regarding a prior drug sale involving petitioner when petitioner was already on trial for a drug charge because this prejudiced the defense and deprived petitioner of his right to a fair trial.

(ECF No. 10-4 at 2). On March 28, 2018, the South Carolina Supreme Court denied the Petitioner's petition for writ of certiorari. (ECF No. 10-6). The remittitur was sent down on April 13, 2018. (ECF NO. 10-7).

On April 24, 2018, Petitioner filed this petition for habeas relief raising the following claims, quoted verbatim:

> **Ground One:** Ineffective Assistance of Counsel
>
> **Supporting Facts:** Did not call mistrial in timely manner, change of venue, failed to introduce crime photo's of drugs in car for Jury, also photo's of any drugs in my home restroom, show scales was in Anderson's car photo - prove defective Affidavit/Search Warrant was hearsay to jury.
>
> **Ground Two:** Defective Affidavit/Search Warrant
> . . . .
> **Ground Three:** No witness to confront/law enforcement could not produce one at first or second trial
>
> **Ground Four:** Law enforcement committed perjury by saying I claimed all drugs - no written statements, video, or audio - hearsay, also claimed I told 3 people, and I could get them 9 oz. of cocaine, only said these things at second trial? They are no crime scene photo's of my home of any drugs.

(ECF No. 1 at 5-10.) Petitioner also filed an attachment to his petition in which he alleges the following, quoted verbatim:

> INEFFECTIVE COUNSEL = Strickland v. Washington
>
> I ask that my Sentence be Vacated, for the following reasons:
>
> 1. My Attorney was ineffective for neglecting to request a mistrial in a timely manner.
>
> 2. My Attorney was ineffective for neglecting to ask for a change of Venue, with

7

> Mr. Anderson's dad being a Magistrate Judge in the courthouse, Exhibiting Bias.
>
> 3. My Attorney neglected to introduce crime photos of drugs in Mr. Anderson's car.
>
> 4. My Attorney neglected to challenge possession of drugs in Mr. Anderson's car.
>
> 5. My Attorney neglected to challenge the possession of scales found in Mr. Anderson's car.
>
> [6.] Defective Affidavit/Search Warrant based on hearsay, was obtained under false testimony and evidence. . . . .
> . . .
>
> [7.] Due Process Violation = Law enforcement claimed to have a secret informant, and could not produce any at either the first or second trial . . .
> . . .
>
> [8.] S.C. code of laws = 17-23-60 The right to confront witnesses and/or accuser. The Court, Solicitor, as well as law Enforcement violated this statue by not allowing them to be cross examined . . . .
>
> [9.] Violation of confrontation clause = The right to confront alleged witness (informant) is a violation of the U.S. Constitution's 6th and 14th amendments.
>
> [10.] Violation of S.C. Constitution's 6th Amendment: The right to confront your accuser . . . .
>
> [11.] Perjury = 1976, 16-9-10 Law enforcement committed perjury by saying 1. I claimed drugs, 2. I could get them 9oz of cocaine, [3]. I told on 3 people I raced with, [4]. I was selling drugs.

(ECF No. 1-1 at 1-2).

Initially, the court notes that, in her Report, the magistrate judge found that the issues raised in Grounds Two through Eleven are procedurally barred, and Petitioner could not show cause and prejudice. (Report at 15-16). In his objections, as to Grounds Two through Eleven, Petitioner contends that these grounds were reserved a the PCR hearing. (ECF No. 21 at 1). As the magistrate judge found, the claims of ineffective assistance of counsel raised in Grounds Two through Five were not presented for PCR appellate review. (Report at 15). Moreover, the claims

8

raised in Grounds Six through Eleven, which are direct appeal issues, were not raised on direct appeal.[2] Petitioner does not object to this finding, but merely states that these issues were preserved at the PCR hearing. To properly preserve these issues, Petitioner should have raised them on appeal, which he did not. Accordingly, these issues are procedurally barred. The magistrate judge further determined that Petitioner had not shown cause and prejudice as to these procedurally defaulted issues (Report at 16), and Petitioner has not objected to this portion of the Report. Accordingly, the court finds that these claims are procedurally barred.

In Ground One, Petitioner contends that his trial counsel was ineffective for failing to timely request a mistrial. The magistrate judge found this claim to be without merit because, even assuming counsel was deficient, Petitioner cannot show prejudice. *Id.* at 16-17. In his objections, as to this claim, Petitioner contends that "[his] attorney failed to call mistrial in a timely manner, due to the fact the warrant was based on hearsay only." (ECF No. 21 at 2).

Petitioner raised the issue of whether the trial court erred in denying him a mistrial in his direct appeal. (ECF No. 10-2 at 4). However, the South Carolina Court of Appeals affirmed, finding the issue was not preserved because trial counsel had not contemporaneously objected to the testimony and moved for a mistrial. *Id.* at 48.[3] Petitioner then raised this issue in the context of an ineffective assistance of counsel claim in his PCR application. (ECF No. 10-1 at 439). The PCR court concluded that, even assuming that trial counsel was deficient for failing to timely request a mistrial, Petitioner failed to demonstrate prejudice from counsel's decision. *Id.* at 440. The PCR court noted that trial counsel had moved for a mistrial twice during the trial, and the trial

---

[2]The magistrate judge stated that these issues were also not raised in the petition for writ of certiorari from the denial of PCR.

[3]"Under South Carolina's contemporaneous objection rule, an objection is waived unless made contemporaneously to the objectionable testimony." *Williams v. South Carolina*, 740 F. Supp. 1200, 1203 (D.S.C. 1990) (citations omitted).

9

court denied the motion on the merits finding that there was no manifest necessity to grant a mistrial. *Id.* Petitioner raised this sole issue in his PCR appeal (ECF No. 10-4 at 2), but the South Carolina Supreme Court denied Petitioner's petition for a writ of certiorari. (ECF No. 10-7).

Under *Strickland v. Washington*, 466 U.S. 668 (1984), Petitioner must show that trial counsel's performance fell outside the "wide range of reasonable professional assistance," *id.* at 689, and "that the deficient performance prejudiced the defense" to an extent "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "The decision to grant or deny a motion for a mistrial is a matter within a trial court's sound discretion, and such a decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law." *State v. Council*, 515 S.E.2d 508, 514 (S.C. 1999). "A mistrial should not be granted unless absolutely necessary." *Id.* at 514. "In order to receive a mistrial, the defendant must show error and resulting prejudice." *Id.* A mistrial should not be ordered in every case where incompetent evidence is received. *State v. Johnson*, 512 S.E.2d 795 (S.C. 1999). Petitioner has failed to show that, even if his counsel had contemporaneously objected and moved for a mistrial, the outcome would have been different. The proper inquiry where trial counsel has failed to properly preserve an issue is whether, but for trial counsel's error, a reasonable probability exists that an appeal would have been successful. *Saunders v. Clarke*, No. 3:16cv113, 2017 WL 1097218, *6 (E.D. Va. Jan. 12, 2017).

Here, the trial court denied the mistrial motions, but because trial counsel did not make a contemporaneous objection, the appellate courts declined to review the issue. Trial counsel cut off Officer Johnson before he could complete his sentence, and trial counsel was instructed to move on to other questions, which he did. Moreover, as the magistrate judge noted, even assuming that the jury noticed that Officer Johnson had stated that the informant reported seeing Puckett sell something, Officer Johnson did not specify what was sold. As the magistrate judge concluded,

the trial judge did not abuse his discretion in denying the mistrial, and there is not a reasonable probability that the trial judge's decision would have been reversed on appeal had counsel properly preserved the issue. Therefore, the PCR court's decision was neither contrary to, nor an unreasonable application of, applicable Supreme Court precedent. Accordingly, Petitioner is not entitled to habeas corpus relief on this ground.

### III. Conclusion

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. Respondent's Summary Judgment Motion (ECF No.11) is **GRANTED** and the Petition is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has fad to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 11, 2018